## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PRIMERICA LIFE INSURANCE )
COMPANY, )
                       )
      Plaintiff, )
                       )
v. )   Case No. 3:25-cv-2075-DWD
                       )
BETHANY VERONNEAU-STUART )
and JESSIE HERNANDEZ, )
                       )
      Defendants. )

### MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion for Leave to Deposit its Admitted Liability with the Court under Federal Rule of Civil Procedure 67. (Doc. 9). Also before the Court is Plaintiff's Motion to Extend Service Deadline and for Leave to Serve Defendant Jessie Hernandez by Publication. (Doc. 20). As explained below, each Motion is **GRANTED**.

On November 13, 2025, Plaintiff filed its Complaint for Interpleader under Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332(a) to resolve competing claims to the proceeds of a life insurance policy. (Doc. 1). Plaintiff alleges its "remaining admitted liability under the Policy is $325,000.00 plus applicable interest, if any." (Docs. 1, pg. 6; 9, pg. 1). It "is indifferent as to which of the Defendants…is entitled to receive the Policy's remaining proceeds." (Doc. 1, pg. 6). Therefore, under Rule 67, Plaintiff seeks "an order granting it leave to deposit its admitted liability in the total amount of THREE HUNDRED TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($325,000.00), representing the remaining proceeds of the Policy, plus applicable interest, if any, into an

interest-bearing account subject to further order of this Court indicating as to whom among the Defendants the admitted liability should be distributed." (Doc. 9, pgs. 2-3).

No Defendant has filed a Response to the above request, despite Plaintiff's representation that it provided notice of the Motion to all other parties. (Doc. 9, pg. 2). Accordingly, the Motion for Leave to Deposit its Admitted Liability with the Court under Rule 67 is **GRANTED**. *See* Fed. R. Civ. P. 67(a) ("If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party— on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.").

As to the latter Motion, which is supported by an affidavit (Doc. 20-1), Plaintiff indicates on November 14, 2025, it sent copies of its Complaint for Interpleader, Notice of a Lawsuit and Request to Waive Service of Summons, and Waiver of the Service of Summons to Defendant Hernandez's last known address in Jacksonville, Arkansas, "which was the address he included on the claim form he submitted to [Plaintiff] seeking the Policy's death benefits." (Doc. 20, pgs. 1-2). Plaintiff did not hear back from Defendant Hernandez or receive the returned waiver of service; therefore, on December 19, 2025, it attempted to contact Defendant Hernandez at multiple phone numbers provided by him in prior communications with Plaintiff. (Doc. 20, pg. 2). Plaintiff could not reach Defendant Hernandez, as the phone numbers were not in service, were connected to someone who was unfamiliar with Defendant Hernandez, or went straight to voicemail. (Doc. 20, pg. 2). Defendant Hernandez did not respond to Plaintiff's voicemails or other

attempts at contact. (Doc. 20, pg. 2). Plaintiff also sent the aforementioned documents to Defendant Hernandez's last known email address on January 6, 2026, but counsel received an automated response that the email was undeliverable. (Doc. 20, pg. 2).

Finally, Plaintiff hired a private investigator to locate Defendant Hernandez. (Doc. 20, pgs. 2-3). One potential address is associated with a non-profit organization in Dallas, Texas, "that assists people experiencing homelessness and other at-risk individuals." (Doc. 20, pg. 3). Plaintiff does not believe the organization is a homeless shelter; "it allows the unhoused to use its location as a mailing address." (Doc. 20, pg. 3). On February 4, 2026, Plaintiff sent the aforementioned documents to that address but, as of February 10, 2026, it had not received a response from Defendant Hernandez. (Doc. 20, pg. 3).

Plaintiff's deadline to serve Defendant Hernandez is February 12, 2026. (Doc. 20, pg. 4). Based on the above circumstances, Plaintiff requests an additional 60 days, or until April 13, 2026, to serve Defendant Hernandez. (Doc. 20, pg. 4). For good cause shown, that request is **GRANTED**. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve a defendant within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period."); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998) ("[T]he determination whether good cause exists or not [under Rule 4(m)] is one entrusted to the district court's discretion.").

Lastly, Plaintiff requests leave to effectuate service by publication in light of the "difficulties in locating and serving Mr. Hernandez." (Doc. 20, pg. 5). That request is also **GRANTED** based on the representations of Plaintiff. *See* Fed. R. Civ. P. 4(e)(1) ("Unless federal law provides otherwise, an individual—other than a minor, an incompetent

person, or a person whose waiver has been filed—may be served in a judicial district of the United States by. . .following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."); 735 ILCS 5/2-206(a) ("Whenever, in any action affecting property or status within the jurisdiction of the court. . .the plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending. If there is no newspaper published in that county, then the publication shall be in a newspaper published in an adjoining county in this State, having a circulation in the county in which action is pending. The publication shall contain notice of the pendency of the action, the title of the court, the title of the case, showing the names of the first named plaintiff and the first named defendant, the number of the case, the names of the parties to be served by publication, and the date on or after which default may be entered against such party."); *Thrivent Fin. For Lutherans v. Liefer*, No. 9-cv-483, 2009 WL 4048088, *1-2 (S.D. Ill. Nov. 20, 2009) (finding, under the previously cited authorities, "[s]ervice of process via publication remains [the plaintiff]'s only remaining option if the Court is to obtain personal jurisdiction"). Accordingly, the Court approves of Plaintiff's proposal to publish the notice, set forth at Doc. 20, pgs. 6-7, for three successive weeks, "in a newspaper of

general circulation both in East Saint Louis, Illinois, where this case was filed, and in Dallas, Texas, where Mr. Hernandez is believed to have been last located." *See* 735 ILCS 5/2-207 ("The notice required in the preceding section may be given at any time after the commencement of the action, and shall be published at least once in each week for 3 successive weeks. No default or proceeding shall be taken against any defendant not served with summons, or a copy of the complaint, and not appearing, unless the first publication be at least 30 days prior to the time when the default or other proceeding is sought to be taken."). Plaintiff is **DIRECTED** to: (1) act in accordance with the specific procedures in §§ 2-206(a) and 2-207; (2) at the onset of publication, file a notice of publication with the Clerk of the Court that contains the future dates of publication and the proposed publication; and (3) at the conclusion of the publication period, file an affidavit of publication with the Clerk of the Court that is signed by a relevant member of the classifieds/legals sections of the newspapers. *See Liefer*, 2009 WL 4048088 at *2).

Consistent with the above reasoning, Plaintiff's pending Motions are **GRANTED**.

**SO ORDERED.**

Dated: February 12, 2026

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge